**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4450

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARIO CISNEROS-AGUILAR,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., District Judge. (CR-463)

Submitted: July 29, 2005          Decided: October 11, 2005

Before LUTTIG, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pursuant to a plea agreement, Mario Cisneros-Aguilar pled guilty to illegal reentry by a deported alien after conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a) & (b)(2) (2000). The district court sentenced Cisneros-Aguilar under the Federal Sentencing Guidelines to fifty-seven months in prison. Cisneros-Aguilar timely appealed, challenging the district court's calculation of his criminal history score. We affirm.

Cisneros-Aguilar contends that his sentence is unconstitutional in light of Blakely v. Washington, 542 U.S. 296 (2004). Because he did not raise this issue in the district court, his claim is reviewed for plain error. Fed. R. Crim. P. 52(b); United States v. Harp, 406 F.3d 242, 247 (4th Cir. 2005). To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights. United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005). If the defendant establishes these requirements, the court may exercise its discretion to notice the error "only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted).

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory manner in which the Federal

Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Id. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746 (Stevens, J. opinion of the Court); id. at 756-57 (Breyer, J., opinion of the Court).

In calculating Cisneros-Aguilar's criminal history score, the district court assigned five criminal history points based upon prior convictions, two criminal history points based upon the court's finding that he committed the instant offense while on parole, and one point based upon the court's finding that he committed the instant offense within two years of being released from prison on another offense. U.S. Sentencing Guidelines Manual § 4A1.1 (2003).

Regarding his criminal history points for prior convictions, Cisneros-Aguilar argues that the factual findings required to determine whether particular convictions are countable and how many points are assessed involve more than the mere fact of a prior conviction and therefore are subject to the requirements of Blakely. In Almendarez-Torres v. United States, 523 U.S. 224, 233-35 (1998), the Supreme Court held that the government need not allege in its indictment and need not prove beyond reasonable doubt

that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. Although the opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000), expressed some uncertainty regarding the future vitality of Almendarez-Torres, this court has subsequently confirmed that Almendarez-Torres was not overruled by Apprendi, and remains the law. United States v. Cheek, 415 F.3d 349 (4th Cir. 2005); see United States v. Sterling, 283 F.3d 216, 220 (4th Cir. 2002); see generally Shepard v. United States, 125 S. Ct. 1254 (2005) (discussing documents that a sentencing court may consider in determining whether a prior conviction is considered a violent felony).

Turning to the three criminal history points assessed because Cisneros-Aguilar committed the instant offense while on parole and within two years of his release from prison, the determination of these facts was not necessary in order for Cisneros-Aguilar to receive his sentence, and so no Sixth Amendment error occurred. To determine the guideline range free of judicial enhancements, this court uses the defendant's "guideline range based on the facts he admitted before adjusting that range for acceptance of responsibility." United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005). Thus, in this case, Cisneros-Aguilar's offense level without the three-level adjustment for acceptance of responsibility would be 24. Excluding the three

erroneous criminal history points, Cisneros-Aguilar would have five criminal history points, placing him in criminal history category III. The guideline range for offense level 24 and criminal history category III is sixty-three to seventy-eight months imprisonment. USSG Ch. 5, Pt. A (Sentencing Table). Because Cisneros-Aguilar's fifty-seven month sentence does not exceed the maximum sentence authorized by the facts he admitted, we find that no Sixth Amendment error occurred and consequently, the district court did not plainly err in sentencing Cisneros-Aguilar.[*] Evans, 416 F.3d at 300-01.

For the reasons stated, we affirm Cisneros-Aguilar's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Even if Cisneros-Aguilar's offense level included the three-level reduction for acceptance of responsibility, his guideline range for offense level 21 and criminal history category III would be forty-six to fifty-seven months in prison. Therefore, his fifty-seven month sentence would "not exceed the maximum authorized by the facts he admitted." Evans, 416 F.3d at 300 n.4.